### PETER AURORA *v.* MIAMI PLUMBING & HEATING, INC., ET AL.
### (3822)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 6, 1985—decision released January 14, 1986

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellant (defendant Second Injury and Compensation Assurance Fund).

*Christopher P. Hankins,* with whom, on the brief, was *Edward D. O'Brien, Jr.,* for the appellee (defendant Transamerica Insurance Services).

PER CURIAM. This appeal is taken from a decision of the compensation review division of the workers' compensation commission pursuant to General Statutes § 31-301b. The review division affirmed a decision of the compensation commissioner who had ordered the

custodian of the Second Injury and Compensation Assurance Fund (Fund) to assume liability for compensation payments to be made to the claimant, Peter Aurora, pursuant to General Statutes § 31-349. The Fund claims error in the review division's conclusions (1) that the employer's insurer sustained its burden of proving that Aurora's injury had been exacerbated by a pre-existing condition, and (2) that the employer's insurer had met the standard of "reasonable probability" required for finding that such a pre-existing condition existed. We agree with the review division.

The Fund's first claim is based on the failure of the sole medical expert, Dr. Franklin C. Wagner, Jr., a neurosurgeon from the Yale University School of Medicine, to state explicitly in his two medical reports that his opinion was "reasonably probable."[1] Rather, Wagner, in his first report, qualified his opinion with the phrase "*likely* to have resulted." (Emphasis added.) In his second report, Wagner stated that "it is my medical opinion that his lumbar stenosis did antedate his injury." The commissioner, and the review division in affirming his decision, concluded that these two statements were sufficient to elevate Wagner's conclusion to the level of "reasonable medical probability." We agree.

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne* v. *Eisner,* 245 U.S. 418, 425, 38 S. Ct. 158, 62 L. Ed. 372 (1918); *DeWitt* v. *John Hancock Mutual Life Ins. Co.,* 5 Conn. App. 590, 594, 501 A.2d 768 (1985). We conclude that the reports submitted by Wagner, although not employing the "magic words," supported the decision below.

---

[1] Such is the standard of proof enunciated in *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 714, 134 A. 259 (1926).

The Fund's second claim relates to the review division's failure to overturn the commissioner's decision because that decision was unsupported by subordinate facts. We will not review the facts as found by the commissioner. Our role is to determine whether the review division's decision results "from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 118, 411 A.2d 924 (1979); *Luddie* v. *Foremost Ins. Co.,* 5 Conn. App. 193, 196, 497 A.2d 435 (1985). We can find no such flaw in this case.

There is no error.