ANNIE O'REILLY *v.* GENERAL DYNAMICS
CORPORATION, ELECTRIC BOAT
DIVISION, ET AL.
(AC 17901)

O'Connell, C. J., and Lavery and Sullivan, Js.

---

Argued December 11, 1998—officially released April 20, 1999

*Amy M. Stone*, with whom, on the brief, was *Nathan Julian Shafner*, for the appellant (plaintiff).

*Michael J. McAuliffe*, for the appellees (defendants).

*Opinion*

O'CONNELL, C. J. The plaintiff appeals from the decision of the workers' compensation review board (board) reversing the commissioner's award of compensation to the plaintiff. The plaintiff argues that the board improperly (1) determined that she had not sustained her burden of proving a causal relationship and (2) substituted its own findings of fact for those of the trial commissioner. We reverse the board's decision.

The plaintiff's claims are interrelated and the following facts are necessary to our resolution of this appeal. The plaintiff's husband, Michael O'Reilly, was employed as a welder and inspector by the defendant Electric Boat Division of General Dynamics Corporation. During his employment, Michael O'Reilly was frequently exposed to asbestos; he was also a heavy smoker. After his retirement in 1982, Michael O'Reilly was diagnosed with lung cancer and died of related complications in 1989. The plaintiff sought workers' compensation benefits as his dependent. After a hearing at which testimony was presented regarding a synergistic effect between

smoking and asbestos exposure, the compensation commissioner awarded benefits to the plaintiff. The defendant employer and its defendant workers' compensation insurance carriers appealed to the board, which held that the commissioner improperly concluded that the decedent's lung cancer was due to asbestos exposure. The board determined that the evidence of a causal relationship between the illness and the exposure did not rise to the level of reasonable medical probability.

On appeal, the plaintiff argues that the board applied the wrong legal standard in ruling that she had not met her burden of proof as to this causal relationship. Specifically, she claims that the board required her to prove the exact cause of the decedent's cancer. The plaintiff also contends that the board improperly engaged in fact-finding although the commissioner's findings were supported by substantial evidence.

At issue is the testimony of the plaintiff's medical expert, Robert Keltner. The defendants argue that Keltner was unable to state unequivocally that the asbestos exposure clearly was linked to the decedent's lung cancer, even though he testified that the decedent's exposure to asbestos while at work was a significant contributing factor to the development of the lung cancer. The board concluded, however, that Keltner's testimony never reached "the level of diagnostic certainty necessary to qualify his opinion as being within a reasonable degree of medical probability."

At the outset, we must determine the correct standard of review. "The determination of whether an injury arose out of and in the course of employment is a question of fact for the commissioner. *Spatafore* v. *Yale University*, 239 Conn. 408, 418, 684 A.2d 1155 (1996). The appropriate standard applicable to the board when

reviewing a decision of a commissioner is well established. [T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts." (Internal quotation marks omitted.) *Kolomiets* v. *Syncor International Corp.*, 51 Conn. App. 523, 526, 723 A.2d 1161 (1999).

"Our role is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986). "This standard clearly applies to conflicting expert medical testimony. It [is] the province of the commissioner to accept the evidence which impress[es] him as being credible and the more weighty." (Internal quotation marks omitted.) *Weiss* v. *Chesebrough-Ponds USA Co.*, 51 Conn. App. 106, 111, 719 A.2d 1225 (1998). The question now before us is whether the commissioner's conclusion can be sustained by the underlying facts.

The plaintiff claims that the board relied on an incorrect legal standard in ruling that Keltner could not pinpoint the exact cause of the decedent's lung cancer. The defendant claims that Keltner's testimony was insufficient to support a finding of compensability. Specifically, the defendant asserts that Keltner testified that the decedent's exposure to asbestos was a possible causative factor in the development of cancer and did not state that it was a probable cause. The defendant relies heavily on Keltner's use of the word possible instead of probable.

In *Struckman* v. *Burns*, 205 Conn. 542, 534 A.2d 888 (1987), our Supreme Court rejected the proposition that

certain formulaic words are essential when an expert states an opinion. There need not be any magical words to present evidence of the exact cause of the decedent's cancer. Id., 555. "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne* v. *Eisner*, 245 U.S. 418, 425, 38 S. Ct. 158, 62 L. Ed. 372 (1918). As long as it is clear that the expert's opinion was based on more than mere conjecture, the entire substance of the expert's testimony should be examined. *Aurora* v. *Miami Plumbing & Heating, Inc.*, supra, 6 Conn. App. 46.

Keltner testified that there is a synergistic effect between cigarette smoking and asbestos exposure that increases the likelihood of developing lung cancer. He stated that it was more likely than not, given the synergistic effect, that asbestos played a significant role in the development of Michael O'Reilly's lung cancer. Additionally, Keltner testified that the autopsy report showed interstitial fibrosis and ferruginous bodies, which are highly indicative of the presence of asbestos fibers, a substantial factor in bringing about lung cancer. He further testified that Michael O'Reilly's exposure to asbestos at work was a significant contributing factor to the development of his lung cancer. In sum, Keltner testified that to conclude that asbestos exposure played a role in the development of lung cancer, several things need to be present, a diagnosis of obstructive lung disease and the presence of ferruginous bodies and interstitial fibrosis. All of those conditions were present.

The standard in Connecticut is well settled; expert opinions must be based on reasonable probabilities rather than mere speculation or conjecture if they are to be admissible in establishing causation. *Struckman* v. *Burns*, supra, 205 Conn. 555. To be reasonably probable, a conclusion must be more likely than not. An

expert's testimony as to the reasonable probability of the occurrence of an event does not depend on semantics or the use of any particular term or phrase, but rather, is determined by looking at the entire substance of the testimony. *Aurora* v. *Miami Plumbing & Heating, Inc.*, supra, 6 Conn. App. 46.

On the basis of our review of Keltner's testimony, we find that the commissioner's factual findings were supported by evidence in the record and therefore must stand. The commissioner correctly found a reasonable probability that the lung cancer was related to working conditions on the basis of the testimony of the plaintiff's expert. The absence of any magic words is not dispositive.

The plaintiff's second claim is that the board substituted its own findings of fact for those found by the commissioner. It is well established in Connecticut that " '[i]t is the trial commissioner's function to assess the weight and credibility of medical reports and testimony. . . . The commissioner must determine as a factual matter the causal relationship between a claimant's symptoms and a compensable injury. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it. . . . Similarly, the conclusions drawn by the commissioner from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.' " *Gillis* v. *White Oak Corp.*, 49 Conn. App. 630, 637, 716 A.2d 115, cert. denied, 247 Conn. 919, 722 A.2d 806 (1998).

The defendant argues that the commissioner should have accepted the testimony of one expert over another. That factual determination, however, is properly within the province of the commissioner. *Adzima* v. *UAC/ Norden Division*, 177 Conn. 107, 118, 411 A.2d 924

(1979). It was within the commissioner's discretion to credit all, part or none of the plaintiff's expert's testimony. That determination cannot be overruled by the board unless it could not find any evidence to support the conclusion. See id.

Having determined that Keltner's testimony was admissible, the board may not substitute its own findings for that of the commissioner. Furthermore, we conclude that, under any circumstances, it would be improper for the board to disregard the commissioner's findings regarding the cause of death and substitute testimony it preferred.

The decision of the compensation review board is reversed and the case is remanded with direction to reinstate the decision of the commissioner.

In this opinion the other judges concurred.