MICHAEL BUCCIERI *v.* PACIFIC PLUMBING SUPPLY
COMPANY ET AL.
(AC 17990)

Spear, Sullivan and Stoughton, Js.

Argued February 18—officially released June 8, 1999

*Christopher T. Goulden*, for the appellant (plaintiff).

*Diane Duhamel*, with whom, on the brief, was *David W. Schoolcraft*, for the appellees (named defendant et al.).

*Opinion*

STOUGHTON, J. The plaintiff, Michael Buccieri, appeals from a decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) granting the motion filed by the named defendant and the defendant Insurance Company of North America (CIGNA) to correct. On appeal, Buccieri claims that the board improperly affirmed the commissioner's decision granting the motion to correct. We affirm the decision of the board.

Our review of the commissioner's original finding and award of March 1, 1996, reveals that Buccieri sustained a compensable injury to his back on April 29,

1985. As a result of his back injury, Buccieri subsequently underwent two disc surgeries, which were paid for by the defendants.[1] On March 24, 1991, Buccieri, who was then living in Maine, fell in the driveway of his home, injuring his head and left shoulder. He subsequently filed a workers' compensation claim alleging that he had suffered leg and back spasms, pain and weakness since April 29, 1985, causing him to fall "maybe a half a dozen times." He maintained that instead of seeking medical care locally, he preferred to consult with Daniel Nijensohn, the surgeon who had first operated on him in Bridgeport. After his March 24, 1991 fall, Buccieri did not seek medical attention until April 15, 1991. On that date, he called Nijensohn's office and was advised to obtain medical care locally. Buccieri then went to Frisbie Memorial Hospital in Rochester, New Hampshire, complaining of pain in his left arm and shoulder.

From April 16 through May 3, 1991, Buccieri received physical therapy, primarily to his left shoulder. In a deposition on October 20, 1995, Buccieri's physical therapist, Caroline King, testified that Buccieri told her that he had fallen on ice. Magnetic resonance imaging (MRI) was performed on Buccieri on July 8, 1991, at St. Vincent's Hospital in Bridgeport. The MRI revealed herniated cervical discs for which Buccieri underwent a subsequent operation. Buccieri then sought compensation benefits to cover the medical expenses that he incurred from his March 24, 1991 fall.

After a hearing, the commissioner determined that Buccieri's March 24, 1991 fall and resulting injuries were causally and medically related to his April 29, 1985

---

[1] The defendants are Buccieri's employer, Pacific Plumbing Supply Company, and its insurers, CIGNA, Travelers Insurance Company and Chubb & Son, Inc. We note that both Chubb & Son, Inc., and Travelers Insurance Company adopted the brief filed on behalf of Pacific Plumbing Company and CIGNA and did not appear at oral argument.

injury. The commissioner rejected the defendants' contention that Buccieri's injuries resulted from his fall on March 24, 1991. Accordingly, the commissioner awarded Buccieri benefits pursuant to the Workers' Compensation Act.[2]

Subsequently, on May 30, 1996, the defendants Pacific Plumbing Supply Company and CIGNA filed a motion to correct pursuant to § 31-301-4 of the Regulations of Connecticut State Agencies,[3] seeking to add certain facts as uncontroverted and to delete certain findings, conclusions and the award. Following a hearing on August 23, 1996, the commissioner granted the motion to correct in its entirety. By granting the motion to correct, the commissioner effectively reversed his original findings and award of March 1, 1996.

In his amended findings, the commissioner found that until July, 1991, Buccieri did not produce any medical documentation dated prior to the March 24, 1991 incident to support his contention that he had informed Nijensohn that leg pain and weakness had caused him to fall on approximately six occasions. The commissioner also found that Buccieri failed to keep an appointment with Nijensohn on May 28, 1991, and that Nijensohn released him to work on March 28, 1991. The commissioner further found that Buccieri was evaluated by his

[2] General Statutes § 31-275 et seq.

[3] Section 31-301-4 of the Regulations of Connecticut State Agencies provides: "If the appellant desires to have the finding of the commissioner corrected he must, within two weeks after such finding has been filed, unless the time is extended for cause by the commissioner, file with the commissioner his motion for the correction of the finding and with it such portions of the evidence as he deems relevant and material to the corrections asked for, certified by the stenographer who took it, but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he may file all of it so certified, indicating in his motion so far as possible the portion applicable to each correction sought. The commissioner shall forthwith, upon the filing of the motion and of the transcript of the evidence, give notice to the adverse party or parties."

physical therapist, King, on April 10, 1991, and that Buccieri told King that he had fallen on ice, denied that the fall was caused by his legs giving out or by dizziness, and that the fall was not caused by his back problem. The commissioner also found that Buccieri claimed that he could not have fallen on snow or ice because it had not snowed or rained where he lived on the day of his fall, March 24, 1991, or in the preceding two weeks. The commissioner, however, found that at the time of Buccieri's March 24, 1991 fall, the area was engulfed in a snowstorm, which had begun the previous day. The commissioner found that Buccieri's injuries were not the result of his prior work-related injury in 1985, but rather resulted from the March 24, 1991 fall on ice in his driveway. The commissioner's amended findings were that Buccieri's injuries were, therefore, the result of an intervening accident, unrelated to his workers' compensation claim. Buccieri then appealed to the board, which affirmed the commissioner's decision. This appeal followed.

Buccieri now claims that the board improperly affirmed the commissioner's decision granting the motion to correct. Specifically, he claims that the commissioner lacked the authority to grant the motion to correct, which effectively reversed the outcome of the commissioner's prior decision.[4] We disagree.

I

Buccieri advances two similar arguments in support of his claim. First, he claims that although the commissioner may correct his findings, his authority to do so is limited and may be exercised only if the record discloses that his finding includes facts found without evidence or if the record fails to include material facts that are admitted or undisputed. In making this claim,

---

[4] Buccieri has made no claim here, however, that the commissioner's amended findings were disputed, immaterial or unsupported by evidence.

however, Buccieri incorrectly equates the power of the commissioner to correct his *own* findings to the power of a reviewing board or court to correct those same findings. While a reviewing authority may not substitute its findings for those of the trier of fact; *State* v. *Kung*, 52 Conn. App. 121, 123, 726 A.2d 130 (1999); the commissioner, as the trier of fact, has the inherent authority to reconsider a prior ruling if, after reviewing the evidence, he concludes that such findings are incorrect. See *Steele* v. *Stonington*, 225 Conn. 217, 219 n.4, 622 A.2d 551 (1993); Regs., Conn. State Agencies § 31-301-4 et seq. We conclude, therefore, that the commissioner properly exercised his authority to reconsider his prior findings and award.

## II

Buccieri also claims that the commissioner's original award was final and subject to appeal. Specifically, he claims that a motion to correct may be used only to correct the findings, not to change the award. If we uphold this argument, the result would be that the commissioner could correct his findings so as to remove any basis for the award, but could not change the award. Such a result would be absurd.

Indeed, our Supreme Court has stated that if a motion to correct "would have no impact on the final disposition," it may properly be denied. *Kluttz* v. *Howard*, 228 Conn. 401, 405 n.5, 636 A.2d 816 (1994). In *Simmons* v. *Bonhotel*, 40 Conn. App. 278, 287, 670 A.2d 874 (1996), we determined that a review board "properly concluded that the finding [in that case] did not require correction because, even if it were corrected as the plaintiff requested, the commissioner's ultimate conclusion would not have changed."

"The appropriate standard applicable to the board when reviewing a decision of a commissioner is well established. [T]he review [board's] hearing of an appeal

from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by [her] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The commissioner's conclusions are accorded the same deference as that given to similar conclusions of a trial judge or jury on the issue of proximate cause. . . . *Kish* v. *Nursing & Home Care, Inc.*, 47 Conn. App. 620, 623, 706 A.2d 1372 [(1998), aff'd, 248 Conn. 379, 727 A.2d 1253 (1999)]." (Internal quotation marks omitted.) *Kolomiets* v. *Syncor International Corp.*, 51 Conn. App. 523, 526–27, 723 A.2d 1161 (1999).

It is the role of this court "to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986)." (Internal quotation marks omitted.) *Mulroy* v. *Becton Dickinson Co.*, 48 Conn. App. 774, 777, 712 A.2d 436 (1998).

Here, the board reviewed the commissioner's original and amended findings and concluded that the record "amply" supported the commissioner's conclusion that Buccieri's March 24, 1991 fall was not caused by the April 29, 1985 compensable injury. Specifically, the board pointed to the findings that Buccieri (1) failed, until July, 1991, to produce any medical documentation dated prior to the March 24, 1991 incident to support his contention that he had informed Nijensohn that leg pain and weakness had caused him to fall on approximately six occasions, (2) did not keep an appointment

with Nijensohn on May 28, 1991, that had been scheduled prior to the fall of March 24, 1991, (3) contended that he contacted Nijensohn on March 28, 1991, to report a deterioration in his condition while, the same day, Nijensohn determined that Buccieri had achieved maximum medical improvement and released him to work, (4) was evaluated by his physical therapist on April 10, 1991 and that he had told her that he had fallen on ice, that the fall was not caused by his back problem and specifically denied that the fall was caused by his legs giving out or by dizziness and (5) claimed that he could not have fallen on snow or ice because it had not snowed or rained where he lived on the day of his March 24, 1991 fall or for the previous two weeks while testimony of a meteorologist indicated that at the time of his fall on March 24, 1991, the area in question was engulfed in a snowstorm, which had begun the previous day.

Our review of the record reveals that these findings were reasonably drawn from the facts found by the commissioner. The board properly concluded, therefore, that the commissioner had the authority to correct his findings and that the record supported the commissioner's conclusion that Buccieri's March 24, 1991 fall was not caused by the 1985 compensable injury.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.