SYLVIA FRANCIS *v.* STATE OF CONNECTICUT,
CONNECTICUT VALLEY HOSPITAL
(AC 18547)

Foti, Lavery and Landau, Js.

Argued September 13—officially released December 14, 1999

*Matthew I. Levine,* assistant attorney general, with whom, on the brief were, *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellant (defendant).

*Joseph P. Quinn, Jr.,* for the appellee (plaintiff).

FOTI, J. The defendant appeals from the decision of the workers' compensation review board (board) affirming the commissioner's decision granting the plaintiff's claim for workers' compensation benefits. On appeal, the defendant claims that the board improperly (1) characterized the plaintiff's injury, (2) assumed the commissioner's role of fact finder and (3) failed to remand the case to the commissioner to address the defendant's jurisdictional argument that the plaintiff's claim was not timely filed. We affirm the decision of the board.

The commissioner found the following facts. The plaintiff, Sylvia Francis, was employed by the defendant, the Connecticut Valley Hospital, for approximately seventeen years. On February 10, 1987, the plaintiff sustained a compensable work-related injury as the result of her exposure to chemicals in the workplace. On that date, the plaintiff left work complaining of a severe cough, hoarseness, wheezing, a burning sensation in her throat and eyes, nausea and shortness of breath. At the time of the accident, the plaintiff was working in the defendant's housekeeping department where she was using chemical solvents and cleaning detergents. Her last date of exposure to the chemicals, and her last day of work, was February 10, 1987. On May 11, 1987, the plaintiff filed a claim for compensation benefits. In response, the defendant contested the plaintiff's claim.

The commissioner found that the plaintiff's notice of claim was timely filed and, on March 14, 1997, issued an award in favor of the plaintiff. The defendant appealed to the board and requested that the board remand the case to the commissioner with a specific order for further fact-finding in regard to the defendant's position that the plaintiff's claim was not timely

filed pursuant to General Statutes (Rev. to 1987) § 31-294.[1] The board, however, affirmed the commissioner's decision. The defendant appealed.

We begin by addressing the appropriate standard of review. "[T]he [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. Although the [board] may take additional material evidence, this is proper only if it is shown to its satisfaction that good reasons exist as to why the evidence was not presented to the commissioner. Otherwise, it is obliged to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . *Six* v. *Thomas O'Connor & Co.*, [235 Conn. 790, 798–99, 669 A.2d 1214 (1996)]." (Internal quotation marks omitted.) *Williams* v. *Best Cleaners, Inc.*, 237 Conn. 490, 500–501, 677 A.2d 1356 (1996). This court has usually granted

[1] At the time of the plaintiff's injury, General Statutes (Rev. to 1987) § 31-294 provided in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. . . . For the purposes of this section, 'manifestation of a symptom' means its manifestation to the employee claiming compensation, or to some other person standing in such relation to him that the knowledge of such a person would be imputed to him, in such manner as is or ought to be recognized by him as symptomatic of the occupational disease for which compensation is claimed. . . ."

All references herein to § 31-294 are to the 1987 revision of the statute. The preceding language is presently codified, with minor technical changes, at General Statutes § 31-294c (a).

"great deference to the construction given to § 31-294 by the commissioner and the review [board] because they are both charged with its enforcement." *Crochiere* v. *Board of Education*, 227 Conn. 333, 354, 630 A.2d 1027 (1993).

I

The defendant first claims that the commissioner improperly characterized the plaintiff's injury. We disagree that the board acted improperly. The crux of the defendant's contention is that the commissioner failed to articulate whether the plaintiff's injury was the result of repetitive trauma, and then failed to determine whether the injury more closely resembled an occupational disease or a distinct injury. The defendant argues that because the commissioner failed to determine whether the plaintiff's injury was repetitive trauma, it is not possible to determine whether the plaintiff's claim was timely filed. The plaintiff responds that the commissioner made factual findings from which the board could make reasonable inferences that the plaintiff sustained an accidental injury, and possibly repetitive trauma.[2] It is, therefore, the plaintiff's position, based on those factual findings and inferences, that she satisfied the operative requirements of § 31-294.

"The workers' compensation scheme explicitly provides for three categories of compensable injury: (1)

---

[2] The commissioner made findings that indicated that the plaintiff suffered an accidental injury and not an occupational disease. The board, however, inferred from the factual findings of the commissioner that the plaintiff's injury may have resulted from repetitive trauma. Because the statute of limitations period in the present case would be the same for a repetitive trauma injury or an accidental injury, we need not decide whether the plaintiff suffered repetitive trauma. Even if we were to decide, however, that the plaintiff's lung injury is by definition one of repetitive trauma, her specific injury would still be deemed an "accident" for the jurisdictional purposes of § 31-294.

accidental injury; (2) repetitive trauma injury; and (3) occupational disease. See General Statutes (Rev. to 1981) § 31-275 (8) [now § 31-275 (16)]; *McDonough* v. *Connecticut Bank & Trust Co.*, 204 Conn. 104, 109, 527 A.2d 664 (1987); *Grady* v. *St. Mary's Hospital*, 179 Conn. 662, 668, 427 A.2d 842 (1980). The mere fact that an injury is of a type that is compensable, however, does not of itself mean that the commissioner properly may consider a claim based on that injury. The notice and filing prerequisites of § 31-294, which are jurisdictional; *Rossi* v. *Jackson Co.*, 120 Conn. 456, 457, 181 A. 539 (1935); must also be satisfied. See, e.g., *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4–5, 675 A.2d 845 (1996)." *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 574–75, 698 A.2d 873 (1997). Compensation claims based on accidental injury must be filed within one year from the date of the accident, whereas claims based on occupational disease must be filed within three years from the first manifestation of a symptom of the occupational disease.

"[A]lthough § 31-294 specifically addresses the jurisdictional filing prerequisites that must be satisfied in order to bring an accidental injury or occupational disease claim, the statute is silent both as to the duration of the filing period for repetitive trauma claims and as to when that period begins to run." Id., 575. Our Supreme Court, therefore, has concluded that "for a commissioner to have jurisdiction over a claim, that claim must fit within the existing jurisdictional provisions of § 31-294. In other words, for purposes of jurisdiction, every cognizable claim must be considered as stemming from either an 'accident' or an 'occupational disease' as those terms are used in § 31-294. We acknowledge, however, that § 31-275 (8) [now § 31-275 (16)], which includes repetitive trauma claims in the definition of compensable injury, evinces a definite legislative intent to allow

compensation for that class of harm. In order to reconcile these competing mandates, we conclude that the terms 'accident' and 'occupational disease' as they are used in § 31-294 must be read broadly enough so that even an injury that is defined as stemming from repetitive trauma pursuant to § 31-275 (8) may nonetheless be deemed to fall into one of the two extant jurisdictional categories, as appropriate to the specific facts of each particular claim." Id., 577–78.

In the present case, the commissioner determined that the plaintiff did not suffer from an occupational disease.[3] The commissioner did not agree with the defendant that there was a causal connection between the duties of the plaintiff's employment and the disease contracted. See *Hansen* v. *Gordon,* 221 Conn. 29, 35, 602 A.2d 560 (1992). The conclusion that the commissioner reached[4] and the board affirmed, that the plaintiff suffered a compensable work-related injury on February 10, 1987, due to occupational exposure, is well supported by the factual findings in the commissioner's finding and award. The commissioner found, inter alia, that the plaintiff left work on February 10, 1987, that she filed a notice of claim on May 11, 1987, which alleged lung and throat injuries from chemical agents, and that she never returned to the employment of the defendant. On the basis of these factual findings, the

---

[3] At the time of the plaintiff's injury, General Statutes (Rev. to 1987) § 31-275 (11) provided: " 'Occupational disease' includes any disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment as such and includes any disease due to or attributable to exposure to or contact with any radioactive material by an employee in the course of his employment."

The preceding language is presently codified, with minor technical changes, at General Statutes § 31-275 (15).

[4] The commissioner was well aware of the defendant's jurisdictional defense that the plaintiff's claim was untimely. In support of this argument, the defendant filed a motion for articulation and a motion to correct. Both motions, however, were denied.

commissioner did not act improperly in determining that the plaintiff suffered from an accidental injury.[5]

The commissioner, therefore, was correct in finding that the plaintiff filed a timely claim. It is undisputed that the defendant could not prevail if the commissioner found that the plaintiff suffered an accidental injury, even if caused by repetitive trauma. Compensation claims based on accidental injury must be filed within one year from the date of the accident. The plaintiff's injury occurred on February 10, 1987, and she filed her claim on May 11, 1987, well within one year. Even if the plaintiff suffered repetitive trauma, because that trauma resulted in accidental injury rather than occupational disease, the statute of limitations runs one year from the date of the last injurious exposure. See *Discuillo* v. *Stone & Webster*, supra, 242 Conn. 570. Here, the date of the last injurious exposure would also be February 10, 1987. Therefore, to prevail on its appeal, the defendant requires findings both that the plaintiff's injury was an occupational disease and that she did not file notice of the claim "within three years from the first manifestation of a symptom of the occupational disease . . . ." General Statutes (Rev. to 1987) § 31-294, now § 31-294c (a). Our Supreme Court have consistently stated that "[n]o reviewing court can . . . set aside [an inference of the commissioner] because the opposite [inference] is thought to be more reasonable;

---

[5] Section 31-275 does not specifically define the term "accidental injury." At the time of the plaintiff's injury, however, General Statutes (Rev. to 1987) § 31-275 (8) provided: " 'Personal injury', or 'injury', as the same is used in this chapter, shall be construed to include, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease as herein defined."

All references herein to § 31-275 (8) are to the 1987 revision of the statute. The preceding language is presently codified, with minor technical changes, at General Statutes § 31-275 (16).

nor can the opposite inference be substituted by the court because of a belief that the one chosen by the [commissioner] is factually questionable." (Internal quotation marks omitted.) *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539–40, 542 A.2d 1118 (1988).

The commissioner had before her medical reports and other evidence from which she could properly determine whether the plaintiff's injury was the result of accidental injury or an occupational disease. The board could not go back and draw different inferences from the facts presented to the commissioner, nor can we. We conclude that the board properly determined that the commissioner's findings were reasonable, supported by the evidence and not contrary to law. The board properly affirmed the commissioner's decision.

II

The defendant next claims that the board improperly assumed the commissioner's role of fact finder. Our role is to determine whether the board's decision results from an incorrect application of the law to the subordinate facts or from an inference unreasonably drawn from them. See *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986). We conclude that the board did not unreasonably affirm the commissioner's decision.

The commissioner made findings of fact that led to the conclusion that the plaintiff had suffered an accidental injury. The board agreed with the commissioner's finding and also inferred that the injury might have resulted from repetitive trauma. As stated previously, whether the board found that the plaintiff suffered repetitive trauma is irrelevant as long as sufficient evidence was found that the plaintiff suffered an accidental injury. Because we find that the board's decision did not result from an incorrect application of the law to the subordinate facts or from an inference unreasonably

drawn from them, we disagree with the defendant that the board acted improperly.

## III

The defendant finally claims that the board improperly failed to remand the case to the commissioner to make findings of fact and conclusions of law based on those facts, in regard to the defendant's jurisdictional defense that the plaintiff's claim was not timely filed. In light of our finding as to the defendant's first claim, we need not reach this issue. There was sufficient evidence for the commissioner to find that the plaintiff's claim was timely filed.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.