RUSSELL KROL *v.* A. V. TUCHY, INC., ET AL.
(AC 25141)

Dranginis, Flynn and Bishop, Js.

Argued April 25—officially released July 19, 2005

*Laurence V. Parnoff,* for the appellant (plaintiff).

*James L. Sullivan,* for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Russell Krol, appeals from the decision of the workers' compensation review board (board), claiming that the board improperly concluded that (1) one trial commissioner did not reverse

the decision of another commissioner and (2) the commissioner's factual findings were supported by evidence in the record.[1] We affirm the decision of the board.

The plaintiff sustained a compensable injury to his back on April 9, 1998. Michael E. Opalak, a neurosurgeon, opined in an April 14, 1999 independent medical report that the plaintiff required treatment with a device known as a TLSO back brace and did not have the capacity to work until he had the brace. Thereafter, on May 13, 1999, the defendants, A. V. Tuchy, Inc., and Royal and Sun Alliance Insurance Company, filed a form 36,[2] which the commissioner denied, stating that, according to Opalak's report, the "claimant does not have a work capacity until fitted with a brace." In an evaluation dated July 28, 1999, Kenneth I. Lipow, the plaintiff's treating neurosurgeon, opined that the plaintiff had a 12 percent permanent partial disability, that he had attained maximum medical improvement by February 18, 1999, and that he was capable of performing light duty work utilizing a lumbar corset. Subsequently on June 27, 2000, Lipow also prescribed a TLSO back brace for the plaintiff, which he received in November, 2000. On August 16, 1999, the defendants filed a second form 36, which was accepted.

The plaintiff also claimed that the injury to his back aggravated a preexisting condition of his right knee.

---

[1] Put in different words, the plaintiff claims that (1) by accepting an August 16, 1999 form 36, a commissioner effectively overruled a prior decision of another commissioner, rejecting a May 13, 1999 form 36 and (2) the plaintiff could not have reached maximum medical improvement until November, 2000, when he received a device known as a TLSO back brace.

[2] "Form 36 is a notice to the compensation commissioner and the claimant of the intention of the employer and its insurer to discontinue compensation payments. The filing of this notice and its approval by the commissioner are required by statute in order properly to discontinue payments. General Statutes §§ 31-296, 31-296a, 31-300." (Internal quotation marks omitted.) D'Amico v. Dept. of Correction, 73 Conn. App. 718, 720 n.2, 812 A.2d 17 (2002), cert. denied, 262 Conn. 933, 815 A.2d 132 (2003).

Lipow referred the plaintiff to David F. Bindelglass, an orthopedic surgeon, to determine whether the plaintiff's right leg weakness was related to his back injury. In a report dated February 28, 2000, Bindelglass opined that the plaintiff's right leg and knee weakness causally were related to his back injury and that the plaintiff had reached maximum medical improvement. Robert N. Margolis, an orthopedic surgeon, conducted an independent medical evaluation and opined that the aggravation of the plaintiff's right knee condition was due to his back injury. The defendants conceded the compensability of the aggravation of the plaintiff's right knee condition.

The commissioner held a hearing over a number of days to address the August 16, 1999 form 36. The commissioner approved the form 36 and found credible Lipow's opinions and report dated July 27, 1999, that the plaintiff was able to work at that time. He also found that the plaintiff's right knee injury was compensable, and that the plaintiff had reached maximum medical improvement for both his back and knee injuries on February 28, 2000. The plaintiff appealed from the commissioner's ruling to the board. The board concluded that there was evidence in the record to support the commissioner's factual findings and legal conclusions, in particular that the plaintiff had reached maximum medical improvement for both his back and knee on February 28, 2000.

In addition, the board found that the commissioner's ruling on the August 16, 1999 form 36 had not overruled the ruling on the May 13, 1999 form 36. The August, 1999 form 36 was based on new medical evidence.

We set forth the well known standard of review in workers' compensation appeals. "[W]hen a decision of a commissioner is appealed to the [board], the [board] is obligated to hear the appeal on the record of the

hearing before the commissioner and not to retry the facts. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Our scope of review of the actions of the review [board] is similarly limited." (Citations omitted; internal quotation marks omitted.) *Gillette* v. *Monroe*, 56 Conn. App. 235, 240–41, 743 A.2d 1129 (1999), cert. denied, 252 Conn. 932, 746 A.2d 792 (2000).

"Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Citation omitted; internal quotation marks omitted.) *Dixon* v. *United Illuminating Co.*, 57 Conn. App. 51, 63, 748 A.2d 300, cert. denied, 253 Conn. 908, 753 A.2d 940 (2000). Our Supreme Court consistently has held "that [n]o reviewing court can . . . set aside [an inference of the commissioner] because the opposite [inference] is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the [commissioner] is factually questionable." (Internal quotation marks omitted.) *Francis* v. *Connecticut Valley Hospital*, 56 Conn. App. 90, 96–97, 741 A.2d 966 (1999). "This standard clearly applies to conflicting expert medical testimony. It [is] the province of the commissioner to accept the evidence which impress[es] him as being most credible and more weighty." (Internal quotation marks omitted.) *Dixon* v. *United Illuminating Co.*, supra, 54. In this appeal, there

are sufficient facts in the record to support the commissioner's decision.

The decision of the workers' compensation review board is affirmed.