ROSEMARY KISH *v.* NURSING AND HOME CARE, INC., ET AL.
(AC 16615)

Foti, Landau and Daly, Js.

Argued November 3, 1997—officially released February 10, 1998

*Neil J. Ambrose*, with whom, on the brief, was *Andrew A. Cohen*, for the appellants (defendants).

*Reid J. Parrington*, with whom, on the brief, was *Frank Bonito*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The named defendant, Nursing and Home Care, Inc., and the defendant insurance carrier, Connecticut Hospital Association Workers' Compensation Trust, appeal from a decision of the workers' compensation review board (board)[1] affirming the commissioner's decision. The defendants claim that the board improperly affirmed the commissioner's (1) determination that the plaintiff's injuries arose out of and occurred in the course of her employment, and (2) refusal to grant their motion to correct. We affirm the decision of the board.

I

An examination of the board's record discloses the following pertinent facts. The plaintiff, Rosemary Kish, is a registered nurse who was a salaried employee of the named defendant. Her responsibilities included visiting patients in their homes and overseeing their care. She made decisions concerning patient care and referred her patients to physicians and other specialists. On a normal workday, the plaintiff used her own car to visit patients and began her day by reporting to her employer's main office at 8:30 a.m. She visited an average of five patients a day, worked out of her car, and took lunch when and where she could find the time. She also set her own work schedule and was reimbursed

---

[1] Commissioner George A. Waldron dissented from the majority opinion authored by Commissioner Robin L. Wilson.

for her mileage. Her workday ended at approximately 4:30 p.m. and she did not return to the main office at the end of each day.

One of the plaintiff's patients was an elderly woman for whom she had reserved a commode at a New Canaan supply house because the commode the woman was using appeared unsafe. The plaintiff's supervisor told her not to deliver the commode herself, but to have the patient's caretaker pick it up. While visiting that patient on April 26, 1994, the plaintiff noted that her physical condition had worsened and thought that her makeshift commode was unsafe and needed to be replaced as soon as possible. The plaintiff, therefore, decided to drive to the supply house to pick up the commode. While driving to the supply house, the plaintiff saw a postal truck parked on the opposite side of the street. Recalling that she had a greeting card to mail to a friend, the plaintiff stopped and parked her car. The plaintiff exited her car, crossed the street and handed the card to the mail carrier. While crossing back to her car, the plaintiff was struck by an automobile.

Although there was an unwritten agency policy that visiting nurses were not supposed to pick up or deliver items for patients, such activities were not prohibited by the agency's policy manual. The plaintiff admitted that she knew of this policy. Furthermore, her supervisor stated that the plaintiff had no specific authorization to mail a personal letter while in the course of her employment. The supervisor agreed, however, that the patient's commode was unsafe and needed to be replaced.

The commissioner concluded that the plaintiff's decision to pick up the commode was reasonable under the circumstances and that the plaintiff was acting in the course of her employment while doing so. She also found that the plaintiff's brief stop to mail a greeting

card was so inconsequential, relative to her job duties, that it did not remove her from the course and scope of her employment. The commissioner concluded that the plaintiff's conduct was not wilful and wanton so as to preclude a workers' compensation claim and, therefore, the plaintiff's injuries, sustained on April 26, 1994, were compensable.

The appropriate standard applicable to the board when reviewing a decision of a commissioner is well established. "[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by [her] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . *Crochiere* v. *Board of Education*, 227 Conn. 333, 347, 630 A.2d 1027 (1993)." (Internal quotation marks omitted.) *Muldoon* v. *Homestead Insulation Co.*, 231 Conn. 469, 475–76, 650 A.2d 1240 (1994). "The commissioner's conclusions are accorded the same deference as that given to similar conclusions of a trial judge or jury on the issue of proximate cause. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 541, 542 A.2d 1118 (1988)." (Internal quotation marks omitted.) *Muldoon* v. *Homestead Insulation Co.*, supra, 477.

Although a respondent has a statutory right to appeal an adverse decision to the board, the board's scope of review is limited. See *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 798–99, 669 A.2d 1214 (1996) (review board does not conduct de novo hearing of facts). The board "may take additional material evidence . . . only if it is shown to its satisfaction that good reasons exist as to why the evidence was not presented to the

commissioner. Otherwise, it is obliged to hear the appeal on the record and 'not retry the facts.' " *Fair* v. *People's Savings Bank,* supra, 207 Conn. 539; see General Statutes § 31-301 (b) (describing scope of review).

"As is the standard of review, the law governing eligibility for workers' compensation is also well established. It is an axiom of [workers'] compensation law that awards are determined by a two-part test. The [claimant] has the burden of proving that the injury claimed *arose out of* the employment and *occurred in the course of* the employment. There must be a conjunction of [these] two requirements . . . to permit compensation. . . . *McNamara* v. *Hamden,* [176 Conn. 547, 550, 398 A.2d 1161 (1979)]. The former requirement relates to the origin and cause of the accident, while the latter requirement relates to the time, place and [circumstance] of the accident. Id." (Emphasis in original; internal quotation marks omitted.) *Mazzone* v. *Connecticut Transit Co.,* 240 Conn. 788, 792–93, 694 A.2d 1230 (1997).

"[T]o establish that [the] injury occurred in the course of employment, the claimant has the burden of proving that the accident giving rise to the injury took place '(a) within the period of employment; (b) at a place [he or she] may reasonably [have been]; and (c) while [he or she was] reasonably fulfilling the duties of the employment or doing something incidental to it.' " Id., 793.

The defendants argue that even assuming that the plaintiff's injuries occurred "within the period of employment," she still has not satisfied the second and third elements of required proof. The defendants, while not conceding that the plaintiff was within the period of her employment, do not argue that the evidence suggests otherwise.

The plaintiff was on duty from 8:30 a.m. to 4:30 p.m. each working day, used her automobile to perform substantial work duties, and was paid for her services on an hourly basis, including time spent on the road between patients. The plaintiff was also reimbursed for her mileage. Because the plaintiff could reasonably be found driving her automobile in the general area of the accident during her workday, with either the express or implied permission or acquiescence of her employer, it was not improper for the commissioner to find that she was reasonably at the place where the injury occurred. Nor was it unreasonable for the commissioner to find that the plaintiff, a primary care nurse, was performing needed nursing duties after assessing that the immediate safety of her patient required the prompt replacement of the commode.[2] The plaintiff's trip, while contrary to the instructions of her employer, furthered the interests of her employer in that it was undertaken to ensure the physical safety of an elderly and terminally ill patient. The board properly affirmed the commissioner's determination that the plaintiff's job concerned, primarily, ensuring the physical safety and well being of her patients, and that she was reasonably fulfilling the duties of her employment by taking the trip to obtain the commode. The commissioner's findings, therefore, were neither unreasonable nor unsupported by the subordinate facts.

The defendants argue that even if the injury occurred in the course of the plaintiff's employment, it did not arise out of her employment. They claim that it was a misapplication of the law for the commissioner to find that the plaintiff's decision to mail a personal greeting card was "inconsequential." The defendants argue that at the time of the accident, the plaintiff was performing

---

[2] The commissioner found that the plaintiff "decided that it was imperative and critical that an adequate and appropriate commode be made available to the patient . . . and that this be accomplished immediately."

a personal task for her own benefit without her employer's consent and, by doing so, took a substantial risk that she would be hit by a car.

"In determining whether an unauthorized deviation from the employment is so slight as not to relieve the employer from liability, or of such a character as to constitute a temporary abandonment of the employment, '[t]he true test is analogous to that applied to determine whether a deviation in agency terminates that relationship.' *Herbst* v. *Hat Corporation of America*, 130 Conn. 1, 7, 31 A.2d 329 (1943). '[T]he trier must take into account, not only the mere fact of deviation, but its extent and nature relatively to time and place and circumstances, and all the other detailed facts which form a part of and truly characterize the deviation, including often the real intent and purpose of the servant in making it. *Ritchie* v. *Waller*, 63 Conn. 155, 165, 28 A. 29 (1893)." *Luddie* v. *Foremost Ins. Co.*, 5 Conn. App. 193, 196–97, 497 A.2d 435 (1985).

Because the plaintiff was in the course of her employment while driving to pick up the commode for her patient, her slight deviation for the purpose of mailing a card did not substantially remove her from the scope of her employment. The plaintiff's actions, as found by the commissioner, were not an abandonment of her employment, but rather a deviation of inconsequential proportion. The plaintiff fully intended to bring herself back within the course and scope of her employment upon returning to her car. We conclude, therefore, that the board properly affirmed the commissioner's determination that the plaintiff's injuries arose out of and occurred in the course of her employment.

II

The defendants next claim that the commissioner improperly denied their motion to correct and, therefore, the board should have ordered the commissioner

to correct her finding. In their motion to correct, the defendants sought to have the commissioner add certain facts to her finding. The defendants posit that the commissioner was required to add these facts to her finding because the facts were material. We do not agree.

"The finding of the commissioner cannot be changed 'unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed.' *Wheat* v. *Red Star Express Lines*, 156 Conn. 245, 248, 240 A.2d 859 (1968). 'It [is] the commissioner's function to find the facts and determine the credibility of witnesses . . . and a fact is not admitted or undisputed merely because it is uncontradicted.' . . . Id., 249. A material fact is one that will affect the outcome of the case. See *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 540, 612 A.2d 1222 (1992)." *Tovish* v. *Gerber Electronics*, 32 Conn. App. 595, 599, 630 A.2d 136 (1993), appeal dismissed, 229 Conn. 587, 642 A.2d 721 (1994) (certification granted improvidently).

The commissioner exercised her discretion in determining that the proposed facts were not material to her finding. See id., 601. We conclude that the commissioner did not abuse her discretion in making that determination.

After reviewing the requests made in the defendants' motion to correct the commissioner's finding and award, we conclude that the requests either pertained to the credibility of witnesses or, even if granted, would not affect the outcome of the case. The board, therefore, properly refused to order the commissioner to correct her finding.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.