DIANE FERRARA *v.* HOSPITAL OF
ST. RAPHAEL ET AL.
(AC 17832)

Schaller, Spear and Sullivan, Js.

Argued March 2—officially released August 3, 1999

*John A. Keyes*, with whom, on the brief, was *M. M. Looney*, for the appellant (plaintiff).

*Andrew A. Cohen*, for the appellees (defendants).

*Opinion*

SULLIVAN, J. The plaintiff, Diane Ferrara, appeals from the decision of the workers' compensation review board (board) affirming the commissioner's finding and award of compensation to the plaintiff. The plaintiff raises several issues on appeal, all of which argue essentially that the medical expert testimony did not support

certain findings and conclusions reached by the commissioner. The plaintiff claims that the commissioner improperly (1) failed to apply the correct test of causation for the plaintiff's injuries and relied on the defendant's independent medical examiner, (2) found that certain problems were not compensable, (3) found that Catherine Kennedy, a psychiatrist, was not a treating physician, (4) reached legally contradictory and inconsistent conclusions and (5) found that the plaintiff had reached maximum medical improvement.[1] We affirm the decision of the board.

The commissioner held a hearing on September 26, 1995, and found the following facts. The plaintiff was, at all relevant times, an employee of the defendant, Hospital of St. Raphael (hospital).[2] On August 26, 1991, the plaintiff was working as a nurse at the hospital when she sustained a nonsurgical low back injury when she attempted to lift a patient. The injury was compounded by numerous prior low back injuries and groin pulls that the plaintiff had suffered while performing her duties as a nurse. The compensability of the injury was accepted by voluntary agreement.

The plaintiff remained out of work through the end of 1992, at which point she was terminated from her employment at the hospital. The plaintiff, thereafter, suffered anxiety over the loss of her job, financial problems and marital difficulties. The various medical personnel reviewing the plaintiff's case uniformly recognized her as suffering from depression and recommended treatment. During this time, the plaintiff completed a master's program and graduated with a dean's list average.

---

[1] The plaintiff also raised, as a separate issue, that the commissioner improperly credited the opinion of psychiatrist Douglas Berv. As this is encompassed by our discussion of the first issue on appeal, we will not address it separately.

[2] The hospital's insurer, the Connecticut Hospital Association Worker's Compensation Trust, is also a defendant in this case.

The commissioner reviewed the evidence and found that the plaintiff's low back symptomatology combined with her depression and pain syndrome caused her to be totally disabled through August 23, 1994. The commissioner also found that the plaintiff's psychological depression was compensable, but had been resolved as of November 10, 1993. He ordered the defendant insurer to pay, in full, the bills of all but three of the physicians who had treated her, and to pay two other insurers in part.[3] Further, the commissioner concluded that the plaintiff had reached maximum medical improvement as of August 23, 1994, but remained with a 10 percent permanent partial disability of the low back.

Both the plaintiff and the defendants petitioned for a review of the finding and award of the commissioner, each raising multiple claims on appeal. On November 14, 1997, the board upheld the decision in all respects, finding that the testimony and evidence supported the commissioner's decision. This appeal followed.[4]

We first note our standard of review. "The appropriate standard applicable to the board when reviewing a decision of a commissioner is well established. [T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is obligated to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The commissioner's conclusions are accorded the same deference as that given to similar

---

[3] The commissioner also awarded fees to an osteopath who appeared at the formal hearing.

[4] The defendants filed a cross appeal that was subsequently withdrawn.

conclusions of a trial judge or jury on the issue of proximate cause." (Internal quotation marks omitted.) *Kolomiets* v. *Syncor International Corp.*, 51 Conn. App. 523, 526–27, 723 A.2d 1161 (1999).

I

The plaintiff first argues that the commissioner failed to apply the correct test in his analysis of the cause of her psychiatric problems and improperly relied on the defendant's independent medical examiner. We disagree.

" '[I]t is the trial commissioner's function to assess the weight and credibility of medical reports and testimony. . . . The commissioner must determine as a factual matter the causal relationship between a claimant's symptoms and a compensable injury. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it. . . . Similarly, the conclusions drawn by the commissioner from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.' [*Iannotti* v. *Amphenol/Spectra-Strip*, 13 Conn. Workers' Comp. Rev. Op. 319 (1995), aff'd, 40 Conn. App. 918, 669 A.2d 637 (1996)]." (Internal quoation marks omitted.) *Gillis* v. *White Oak Corp.*, 49 Conn. App. 630, 637, 716 A.2d 115, cert. denied, 247 Conn. 919, 722 A.2d 806 (1998). "This standard clearly applies to conflicting expert medical testimony. It [is] the province of the commissioner to accept the evidence which impress[es] him as being most credible and more weighty." (Internal quotation marks omitted.) *O'Reilly* v. *General Dynamics Corp.*, 52 Conn. App. 813, 816, 728 A.2d 527 (1999).

The plaintiff argues that the commissioner improperly found that her psychological problems were substantially due to other causes such as her job loss, the

pending grievance process and the pending compensation claim. Our review of the record persuades us that the commissioner's finding and award stated reasonable determinations that were based, in part, on different medical opinions regarding causation issues with respect to the plaintiff. Specifically, the finding and award referenced an opinion from an independent medical examiner, psychiatrist Douglas Berv, that stated that the plaintiff's depression and symptomatology as of November 10, 1993, were no longer due to the work injury. Further, Berv found that the plaintiff's medications, her activities and her exhibited state of mind dictated his opinion that her major depression was partially resolved and that her emotional condition was substantially due to her job loss, the pending grievance process and her pending compensation claim.

Berv also opined that the depression the plaintiff suffered was due to separate and distinct stressors not related to the original pain syndrome from her work injury. Specifically, he found that the plaintiff's depression was due to the loss of her job as a nurse at the hospital, her feeling of a lack of support from her husband and family, as well as her anger at the hospital, with the pending grievance process and with the overall workers' compensation process. Berv concluded that, from a psychological standpoint, the plaintiff had a work capacity after November, 1993.

"The determination of whether an injury arose out of and in the course of employment is a question of fact for the commissioner." (Internal quotation marks omitted.) *O'Reilly* v. *General Dynamics Corp.*, supra, 52 Conn. App. 815. The commissioner determined the causal relationship between the symptoms and the plaintiff's injury. Prior to the commissioner's decision, the plaintiff's case was reviewed by many different physicians. Although there is conflicting medical evidence

in the record, there is evidence to support the commissioner's findings and, therefore, they must not be disturbed.

## II

The plaintiff next claims that the commissioner improperly found some of the plaintiff's problems to be noncompensable. The plaintiff offered several pages of transcript testimony, but no analysis of the issue in her appellate brief. " 'Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned.' *State* v. *Sewell*, 38 Conn. App. 20, 29, 658 A.2d 598, cert. denied, 234 Conn. 918, 661 A.2d 98 (1995); *State* v. *Gaines*, 36 Conn. App. 454, 460, 651 A.2d 1297 (1994). Analysis, rather than mere 'abstract assertion,' is required in order to avoid abandoning an issue by failure to brief the issue properly. *State* v. *Cain*, 25 Conn. App. 503, 524, 596 A.2d 449 (1991) [aff'd, 223 Conn. 731, 613 A.2d 804 (1992)]." *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996). We decline to review this claim.

## III

The plaintiff also claims on appeal that the commissioner improperly found that psychiatrist Catherine Kennedy was not a treating physician. We disagree.

"In reviewing the factual determinations of the commissioner, the review [board's] scope of review is limited. The review [board] may not disturb the conclusions that the commissioner draws from the facts found unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *DeBarros* v. *Singleton*, 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990); see also

*Fair* v. *People's Savings Bank*, 207 Conn. 535, 538–39, 542 A.2d 1118 (1988). "Our scope of review of the actions of the review [board] is similarly limited. . . . The decision of the review [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Capen* v. *General Dynamics Corp./Electric Boat Division*, 38 Conn. App. 73, 79–80, 659 A.2d 735 (1995), quoting *Borent* v. *State*, 33 Conn. App. 495, 499, 636 A.2d 392 (1994).

Applying these principles to the facts of this case, we conclude that the record contains evidence on which the commissioner reasonably could have relied in determining that Kennedy was a psychiatrist who oversaw the plaintiff's psychotropic medication in conjunction with a social worker's counseling, but never actually undertook direct treatment of the plaintiff's psychological problems. The plaintiff argues that the commissioner specifically found that Kennedy was not a treating physician. The commissioner made no such finding, however, finding instead that Kennedy never undertook direct treatment of the plaintiff. That conclusion was supported by Kennedy's testimony concerning her role in the plaintiff's treatment;[5] therefore, we will not disturb the commissioner's finding.

Furthermore, regardless of the commissioner's finding regarding the role Kennedy played in the plaintiff's treatment, he was still entitled to credit the opinion of Berv over that of Kennedy. The plaintiff's argument that the commissioner should have accepted the testimony of Kennedy rather than that of Berv is a factual determination properly within the province of the commissioner. *Adzima* v. *UAC/Norden Division*, 177 Conn.

[5] In her deposition, Kennedy agreed that although her role in treating the plaintiff was more than just monitoring her drug prescription, the psychotherapy was being done by Judith Kopman-Friend.

107, 118, 411 A.2d 924 (1979). That determination cannot be overruled by the board unless it could not find "any evidence" to support the conclusion. Id. The findings of the commissioner were clearly supported by the testimony of Berv. Therefore, the board properly upheld the factual determinations of the commissioner.

## IV

The plaintiff next claims that the trial commissioner reached legally contradictory and inconsistent conclusions. Specifically, the plaintiff points to conclusions made by Berv and those made by orthopedic surgeon John Sella, and argues that the commissioner's reliance on the testimony of both physicians resulted in the commissioner's making inconsistent findings. We disagree.

As previously stated, the findings of the commissioner will be upheld by this court unless they result from an incorrect application of the law to the facts or from an inference illegally or unreasonably drawn from them. *Kolomiets* v. *Syncor International Corp.*, supra, 51 Conn. App. 526. The plaintiff argues that the findings of Berv and Sella conflict; therefore, the commissioner's reliance on both of their findings is inconsistent. Upon examination of the commissioner's findings we conclude that no such inconsistency exists.

In the first findings at issue, the commissioner relied on Berv's report and found that as of November, 1993, the plaintiff's psychiatric problems were no longer due to her work injury. Also, the commissioner found that the plaintiff had a work capacity from a psychological standpoint in late 1993. Further, the commissioner found that the plaintiff's low back symptomatology and her depression caused her to be totally disabled through August 23, 1994. The commissioner also relied on the opinions of another physician, John Sella, and found that, in the spring of 1993, the plaintiff had chronic,

intractable, benign pain syndrome, and no work capacity as of that time. Further, the commissioner found that due to the plaintiff's low back symptomatology and depression, she was totally disabled through August 23, 1994.

Those findings are not inconsistent. The commissioner's finding that the plaintiff was totally disabled through August, 1994, does not conflict with the finding that, as of November, 1993, the plaintiff's psychiatric problems were no longer due to her work injury. Further, the finding that the plaintiff had no work capacity from an orthopedic standpoint,[6] as Sella found, but that the plaintiff had a work capacity from a psychological viewpoint, as Berv found, is not inconsistent. Accordingly, we conclude that the commissioner's findings did not result from an incorrect application of the law to the facts or from an inference illegally or unreasonably drawn from them, and we will not disturb them.

V

We address finally the plaintiff's claim that the commissioner improperly found that she had reached maximum medical improvement. We disagree.

The commissioner determined that the plaintiff was totally disabled through August 23, 1994, and that she reached maximum medical improvement on that date. The commissioner relied on the deposition of orthopedic surgeon Michael Luchini in reaching his determination. Luchini examined the plaintiff at the request of the commissioner, and gave his opinion, within a reasonable degree of medical probability, that the plaintiff had reached maximum medical improvement as of August, 1994. Further, the commissioner found that on

---

[6] Although Sella testified that his opinion about the plaintiff's inability to work included a psychological viewpoint, he also stated that he would defer that evaluation and disability determination to the psychiatrists.

the date of Luchini's examination, August 23, 1994, the plaintiff was capable of light sedentary work.

Although the record contains medical reports with findings that conflict with those of Luchini, his testimony provides reasonable support for the commissioner's determination that the plaintiff had reached maximum medical improvement. Therefore, we conclude that the board properly upheld the factual determinations of the commissioner.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.