## RALPH NOBLE *v.* ALLSTATE INSURANCE COMPANY (AC 21108)

Foti, Mihalakos and Dupont, Js.

Submitted on briefs November 1—officially released November 27, 2001

*Neil Johnson* filed a brief for the appellant (plaintiff).

*David A. Kelly* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff, Ralph Noble, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) that the plaintiff's condition was not caused by his employment. The plaintiff claims that the board improperly (1) found that he had not established by a preponderance of the evidence that his mental disorder arose in the course of his employment, (2) found that the date of his injury occurred after the effective date of Public Acts 1993, No. 93-228, § 1 (P.A. 93-228),[1] and (3) gave more weight to the testimony of the defendant's expert medical witness than to that of the plaintiff's expert medical witness. We affirm the decision of the board.

The commissioner found the following facts. The defendant, Allstate Insurance Company, employed the plaintiff as a claims adjuster from 1982 to 1993. After handling small claims for approximately one year, he was promoted to a specialty position in 1983, where Ron Hawkins supervised him. From 1983 through 1992, while under Hawkins' supervision, he received evaluations in which he was found to be meeting the department's expectations.

In 1993, Timothy Driscoll replaced Hawkins as the plaintiff's supervisor. Driscoll became more involved in reviewing the plaintiff's work, and the plaintiff perceived that type of supervision as harassment and criticism. On May 18, 1993, the plaintiff met with Driscoll, who told him that if his job performance did not improve, negative ramifications would follow. The next morning, the plaintiff's daughter found him lying on the

---

[1] General Statutes (Rev. to 1993) § 31-275 (16) (B), as amended by P.A. 93-228, § 1, excludes a mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease, from coverage under the Workers' Compensation Act, General Statutes § 31-275 et seq.

floor in his home, curled into a fetal position. He was then brought to a nearby hospital and treated. He never returned to work.

Thereafter, the plaintiff filed a workers' compensation claim, alleging that his psychological problems were a result of the change in supervisors in January, 1993. Following a formal hearing, the commissioner found that the plaintiff had failed to establish by a preponderance of the evidence that his mental disorder arose in the course of his employment. As one of his subsidiary findings, the commissioner found that the opinion of the defendant's expert medical witness was more persuasive than that of the plaintiff's expert medical witness because the former had obtained a full history regarding the plaintiff's employment and personal situations. Accordingly, the commissioner dismissed the claim. Thereafter, the plaintiff appealed from the commissioner's decision to the board, which affirmed the decision, finding no error. This appeal followed.

I

The plaintiff first claims that the commissioner improperly (1) found that he had failed to establish by a preponderance of the evidence that his mental disorder arose in the course of his employment and (2) found that the date of injury occurred after the effective date of P.A. 93-228, § 1. We disagree.

We first set out the standard of review governing workers' compensation appeals. "The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the review board nor this court has the power to retry facts. . . . It is well established that [a]lthough

not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board." (Citations omitted; internal quotation marks omitted.) *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 411, 750 A.2d 1098 (2000).

"The standard of review to be used by the board when reviewing a commissioner's findings is set forth in Regulations of Connecticut State Agencies § 31-301-8. That section directs the board not to retry the case before it, but to determine whether evidence supports the commissioner's finding. 'Whether an injury arose out of and in the course of employment is a question of fact to be determined by the commissioner.' *Pereira* v. *State*, 228 Conn. 535, 544, 637 A.2d 392 (1994)." *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 447, 774 A.2d 992 (2001).

"[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by [him] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Kolomiets* v. *Syncor International Corp.*, 51 Conn. App. 523, 526–27, 723 A.2d 1161 (1999), aff'd, 252 Conn. 261, 746 A.2d 743 (2000).

The commissioner found that the plaintiff's disorder did not arise out of and in the course of his employment. The board also noted that the date of the plaintiff's injury was after the effective date of P.A. 93-228, § 1. In accordance with the deferential standard of review previously discussed, we decline to disturb the commis-

sioner's finding in the absence of a showing that it was unreasonable or an abuse of his discretion. We also conclude that the board's conclusion regarding the date of the plaintiff's injury did not result from an incorrect application of the law to the facts in this case.

## II

The plaintiff next claims that the board improperly concluded that his injury occurred after the effective date of P.A. 93-228. We disagree.

The board concluded that the evidence supported the commissioner's finding that the plaintiff suffered his injury on May 19, 1993. We are unable to upset that conclusion. We point out that the board did not conclude that the plaintiff's injury occurred after the effective date of P.A. 93-228. Rather, it observed that P.A. 93-228 became effective on July 1, 1993. After describing the change in the law that was effectuated by P.A. 93-228, the board noted that "we adhere to the date of injury rule." "The date of injury rule is a rule of statutory construction that establishes a presumption that new workers' compensation legislation affecting rights and obligations as between the parties . . . applie[s] only to those persons who received injuries after the legislation became effective, and not to those injured previously." (Internal quotation marks omitted.) *Badolato* v. *New Britain*, 250 Conn. 753, 756 n.5, 738 A.2d 618 (1999).

It is clear from the board's analysis that the board did not reach its decision on the basis of P.A. 93-228. Rather, the board based its decision on its conclusion that the commissioner had before him ample evidence to have concluded that the plaintiff's condition was not work related.

## III

The plaintiff also claims that the commissioner improperly gave more weight to the evidence of the

defendant's expert medical witness than he did to that of the plaintiff's expert medical witness. We disagree.

"Our role is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . This standard clearly applies to conflicting expert medical testimony. It [is] the province of the commissioner to accept the evidence which impress[es] him as being most credible and more weighty." (Internal quotation marks omitted.) *Dixon* v. *United Illuminating Co.*, 57 Conn. App. 51, 54, 748 A.2d 300, cert. denied, 253 Conn. 908, 753 A.2d 940 (2000); see also *Ferrara* v. *Hospital of St. Raphael*, 54 Conn. App. 345, 349, 735 A.2d 357, cert. denied, 251 Conn. 916, 740 A.2d 864 (1999). Accordingly, we will not disturb the commissioner's choice as to which expert was more credible.

The decision of the workers' compensation review board is affirmed.