[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 13, 2000, the plaintiffs, Marcin Mazurek and Marianna Mazurek, filed this action against the defendants, Great American Insurance Company (GAI); Thomas F. DeJoseph d/b/a Sperry Rail Service; Sperry Rail Service; Sperry Rail, Inc.; Avila, LLC d/b/a Handy Rent-All Center; Kevin Smith d/b/a Durant's Rental Center; Durant's Rental Center; and Durant's Rental and Sales and Service. The plaintiffs allege that prior to December 30, 1998, GAI; Thomas F. DeJoseph d/b/a Sperry Rail Service; or Sperry Rail, Inc. retained Marcin Mazurek's employer, Anco Engineering Corporation, to perform service and repair work to railroad service vehicles. Kevin Smith d/b/a Durant's Rental Center; Durant's Rental Center; or Durant's Rental and Sales and Service supplied scaffolding to GAI; Sperry Rail Service; or Sperry Rail, Inc. to be used by Anco when performing the work on the vehicles. On December 30, 1998, Marcin Mazurek was working on a scaffolding system when it became unstable and moved, causing him to fall and sustain injuries.
On May 22, 2001, the plaintiffs filed a revised complaint in which Marcin Mazurek asserts claims of negligence and recklessness and Marianna Mazurek alleges claims of negligent and reckless loss of consortium against all the defendants.
On November 5, 2001, Kevin Smith d/b/a Durant's Rental Center; Durant's Rental Center; and Durant's Rental and Sales and Service filed a motion to strike all counts against them. They contend that the plaintiffs fail to state claims upon which relief can be granted because they have not alleged that the defendants had control over the use of the scaffolding at the time of Marcin Mazurek's fall. The plaintiffs counter that the defendants do not cite any case law to support their argument that the plaintiffs have insufficiently pleaded their causes of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). In a motion to strike "[t]he court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997).
The defendants do not thoroughly analyze or cite any legal authority to support their claim that the plaintiffs must allege that the defendants CT Page 4083 had control of the scaffolding in order to sufficiently plead their claims of negligence, recklessness and negligent and reckless loss of consortium. "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citations omitted; internal quotation marks omitted.)Ferrara v. Hospital of St. Raphael, 54 Conn. App. 345, 351 (1999), cert. denied, 251 Conn. 916 (1999). Accordingly, the defendants' motion to strike the plaintiffs' counts sounding in negligence, recklessness, and negligent and reckless loss of consortium, is denied.
 ___________________ Moraghan, J.T.R.