[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Westchester Capital, L.L.C., filed this action on June 10, 1999, to foreclose on municipal tax liens assessed on real property located at 255 Beach Street, West Haven, Connecticut, and owned by the defendant, Zetta Skirmont.[1]
The city of West Haven assessed municipal taxes on the defendant's property on the October 1, 1986 through October 1, 1996 grand lists. The city duly and properly caused to be recorded a certificate of lien for the taxes together with interest fees and charges. On March 3, 1999, the city assigned its tax liens assessed on the defendant's property for the 1986 through 1996 grand list years to the plaintiff.[2]
Prior to the date of the assignment of the tax liens to the plaintiff, the city of West Haven and the defendant entered into an oral agreement. Under the agreement, the defendant was to pay $300 per month toward the delinquent taxes. The defendant continued to make the $300 payments to the city until 1999, at which time she was told that the tax liens had been assigned to the plaintiff. While it is undisputed that there was an oral agreement between the city and the defendant, the terms of that agreement are in dispute. Specifically, there is a dispute as to whether the $300 payments were to be applied to both the delinquent and current taxes or whether the defendant was to make the $300 payments in addition to paying the current taxes as they became due.
On December 7, 1999, the defendant filed an answer and special defenses. In the answer, the defendant admits all the allegations contained in the complaint except for the allegation that the defendant has not paid any part of the taxes.
On February 15, 2000, the plaintiff filed a motion for summary judgment. The court denied the plaintiff's motion because there were CT Page 4800 genuine issues of material fact as to whether the defendant breached the agreement "by failing to make consistent payments on both the delinquent and current taxes." Westchester Capital v. Skirmont, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 066843 (October 12, 2000, Curran, J.)
A trial was held on August 30, 2001, and on September 17, 2001. Subsequent thereto, the parties have filed their respective briefs.
Practice Book § 10-70(a) provides: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section."[3]
In the present case, the defendant raised the following four special defenses: (1) "Defendant is not indebted to the city of West Haven for taxes except as they may come due on a current basis;" (2) "The municipal tax liens which are the subject of this action were not properly assigned or conveyed to the [p]laintiff;" (3) "The procedure used to sell said tax liens to the [p]laintiff violated this [d]efendant's due process rights under the Connecticut [c]onstitution;" and (4) "The statute empowering tax liens to be sold by municipalities is illegal and violates the [c]onstitution of the [s]tate of Connecticut."
"The defendant ha[s] the burden of proving its special defense[s]. . . ."Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 589,636 A.2d 1383 (1994).
In the present case, it is undisputed that there was an oral agreement between the city of West Haven and the defendant. At issue, however, are the terms of the oral agreement. The plaintiff argues that the oral agreement between the city of West Haven and the defendant was for the defendant to pay $300 per month toward the delinquent taxes. In opposition, the defendant alleges, as one of her special defenses, that she "is not indebted to the city of West Haven for taxes except as they may come due on a current basis." The defendant argues that she is not in default of her delinquent or current tax obligations because she made monthly payments of $300 from 1987 through 1999. CT Page 4801
The evidence submitted by the plaintiff indicates that the $300 monthly payment "arrangement was contingent upon the defendant paying the current taxes as they came due" in addition to the $300 monthly payment to cover the arrearage. (Affidavit of Arthur Gilbert, tax collector for the city of West Haven, dated June 6, 2001, ¶ 5.) The tax collector claims that the defendant did not pay any of the current taxes as they became due. (Affidavit of Arthur Gilbert, tax collector for the city of West Haven, dated June 6, 2001, ¶ 8.) Furthermore, one of the plaintiff's members attests that "the defendant . . . has failed to pay the taxes due on the 1986 through the 1996 [g]rand [l]ist [y]ears." (Affidavit of Robert Anastasio ¶ 5.)
The defendant's former attorney claims that "[t]he agreement was made to pay $300 per month for current and back taxes." (Affidavit of Edmund L. Pantani ¶ 1.) The defendant, however, has not provided the court with any authority or any other evidence to support her argument that the $300 monthly payments were to continue indefinitely and that by making such payments she would be paying the current taxes as well. It is the opinion of the court, therefore, that the defendant has not met her burden of proving her allegation that she only owes current taxes as they become due.
General Statutes § 12-195h provides in pertinent part that "[a]ny municipality, by resolution of its legislative body . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter."
In the present case, the defendant alleges as a special defense that the municipal tax liens were not properly assigned to the plaintiff. The defendant argues that the assignment is invalid because it also assigns sewer use charges to the plaintiff. The defendant raised the special defense and, therefore, the burden of proving the defense is on the defendant. The defendant, however, has given the court no authority, and the court is aware of none, to support her argument that a municipality cannot assign sewer use charges. "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citations omitted; internal quotation marks omitted.) Ferrara v. Hospital of St. Raphael, 54 Conn. App. 345,351, 735 A.2d 357, cert. denied, 251 Conn. 916, 740 A.2d 864 (1999). Therefore, the court will not address this issue. CT Page 4802
Finally, the defendant also alleges as special defenses that General Statutes § 12-195h violates the Connecticut constitution and that the procedure used to assign the tax liens to the plaintiff violated the defendant's due process rights under the Connecticut constitution. The defendant argues that the statute is unconstitutional because it delegates the power to collect taxes to a private party. Again, because the defendant raised these allegations as special defenses, the defendant bears the burden of proving that the statute is unconstitutional and that her due process rights have been violated. The defendant, however, has given the court no authority, and the court is aware of none, to support the argument that § 12-195h is unconstitutional. To the contrary, the Superior Court has stated that "[i]t is obvious that the legislature presumed an assignment to a private party, as it is unrealistic to contemplate the sale by one municipality of its tax liens to another municipality." Middletown v. P G Enterprises Ltd. Partnership,45 Conn. Sup. 435, 441, 718 A.2d 90 (1998)
The court finds that the assignment under General Statutes § 12-195h
is valid and that the defendant having failed to meet her burden of proving the special defenses is therefore subject to foreclosure of the municipal tax liens assigned to the plaintiff.
Judgment may enter in accordance with the above.
THE COURT
CURRAN, J.