[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISS, MOTION FOR SANCTIONS, MOTION FOR REMOVAL OF COUNSEL AND MOTION FOR DEFAULT
The following facts and procedural history are relevant to the court's decision.
The plaintiff, Richard Savitt,[1] filed this action against the defendant, the Olderman Hallihan agency, on February 2, 2001, asserting claims for breach of fiduciary duty and violations of the Connecticut Unfair Insurance Practices Act. The plaintiff alleges the following facts. The defendant was the plaintiff's insurance agent from 1989 through 2000, and during this time issued various group, auto and business owners insurance policies to the plaintiff. The plaintiff alleges that the defendant falsely promised that the rates it charged him for the policies issued were the best that the plaintiff could receive and that the defendant intentionally withheld information to hide the fact that it had added endorsements to the policies that the plaintiff had not requested and did not need. The plaintiff asserts that the information the defendant withheld from him and material misrepresentations it made to him resulted in his making overpayments in excess of $40,000. on April 9, 2002, the defendant filed a counterclaim against the plaintiff.
On April 22, 2002, the plaintiff filed a motion to dismiss the counterclaim, motion for sanctions and motion for removal of counsel. On May 3, 2002, the plaintiff filed a motion for default for failure to comply with discovery requests.
 #136 — PLAINTIFF'S MOTION TO DISMISS THE DEFENDANT'S COUNTERCLAIM
The plaintiff filed a motion to dismiss the defendant's counterclaim asserting that the defendant did not certify the date on which the counterclaim was served on the plaintiff and that it did this with the CT Page 11520 intent to prevent the plaintiff from having the ability to file his motions in a timely manner.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985), citing Practice Book § 10-31. "This motion shall always be filed with a supporting memorandum of law. . . ." Practice Book § 10-31.
The plaintiff does not state which of the five grounds that may be asserted in a motion to dismiss are implicated in this matter. Moreover, he has not submitted a memorandum of law in support of the motion. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) Ferrara v. Hospital of St. Raphael,54 Conn. App. 345, 351, 735 A.2d 357, cert. denied, 251 Conn. 916,740 A.2d 864 (1999).
Accordingly, the plaintiff's motion to dismiss the defendant's counterclaims is denied.
 #135 PLAINTIFF'S MOTION FOR REMOVAL OF COUNSEL
In his motion for removal of counsel, the plaintiff claims that Jack F.X. Androski should be removed as defendant's counsel because he will be called as a fact witness as to all communications he had with the plaintiff prior to April 9, 2002.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys . . . [T]he trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Bergeron v. Mackler, 225 Conn. 391, 397, 623 A.2d 489 (1993). "Disqualification [of an attorney] may . . . be required . . . when it is likely that the testimony to be given by the witness is necessary." (Internal quotation marks omitted.) Bopko v. Bopko, Superior Court, judicial district of Waterbury, Docket No. 149148 (November 8, 2000,West, J.) (28 Conn.L.Rptr. 556, 557); see also Command Electric, Inc.CT Page 11521v. Manousos, Superior Court, judicial district of Hartford, Docket No. 560381 (April 14, 1997, Aurigemma, J.) (19 Conn.L.Rptr. 294); Rules of Professional Conduct 3.7 "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." (Internal quotation marks omitted.)Command Electric, Inc. v. Manousos, supra, 19 Conn.L.Rptr. 295. "[T]he moving party bears the burden of proving facts which indicate disqualification is necessary." Roosevelt Building Product Co., Inc. v.Morin Corp., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 083595 (September 4, 2001, Cremins, J.) (30 Conn.L.Rptr. 331).
The plaintiff has not submitted a memorandum of law containing legal analysis or citation of authorities to support his motion. Without additional information and proper legal analysis, the court cannot make a determination as to what the defendant's counsel will testify to and whether this testimony is necessary. The plaintiff has not met his burden of proving that the defendant should be disqualified. Accordingly, the plaintiff's motion for removal of counsel is denied.
 #137-PLAINTIFF'S MOTION FOR SANCTIONS
In his motion for sanctions, the plaintiff asserts that the defendant did not did not certify the service of its counterclaim with the intent to prevent the plaintiff from having the ability to file his motions in a timely manner. The plaintiff seeks monetary sanctions and any other relief the court deems reasonable.
A trial court in this state has the inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated. Fattibene v. Kealey, 18 Conn. App. 344, 359-60, 558 A.2d 677
(1989). "It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Id., 360. Nevertheless, "to ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts. . . . Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable attorney could have concluded that fact supporting CT Page 11522 the claim might be established, not whether such facts had beenestablished." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 360-61.
The only evidence the plaintiff produced is the defendant's counterclaim which, although it contains a certificate of service, does not specify the date on which service was made, and a letter by the plaintiff requesting that the defendant allow the plaintiff time to file his motions. These documents do not amount to clear evidence that the defendant's actions were taken for reasons of harassment and delay.[2]
Accordingly, the plaintiff's motion for sanctions is denied.
 #145 PLAINTIFF'S MOTION FOR DEFAULT FOR FAILURE TO COMPLY
In his motion for default for failure to comply, the plaintiff contends that the defendant has not complied with the September 4, 2001 order, in which the court, Lager, J., gave the defendant until September 21, 2001 to comply with the plaintiff's discovery requests. Specifically, the plaintiff contends that the defendant failed to produce various policies that were in effect from 1990 through 1996. On January 28, 2002, however, the court, Nadeau, J., ordered that the defendant need not produce any policy in effect prior to 1996 unless shown to be required.
"A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he himself made the original decision." (Internal quotation marks omitted.) Breenv. Phelps, 186 Conn. 86, 98 (1982). "According to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case upon a question of law." (Internal quotation marks omitted.) Id., 98-99.
Judge Lager's interlocutory order was modified by Judge Nadeau's order. Therefore, the defendant does not need to produce any policy in effect prior to 1996. Accordingly, the plaintiff's motion for default for failure to comply should be denied.
 CONCLUSION
The plaintiff's motion to dismiss, motion for sanctions, motion for removal of counsel and motion for default for failure to comply is denied.
HOLDEN, J. CT Page 11523